UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DOEINCK,

     Applicant,

v.                                 CASE NO. 8:14-cv-2399-T-23MAP

SECRETARY, Department of Corrections,

     Respondent.

_____/

**O R D E R**

     Doeinck applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1)
and challenges the validity of his state conviction for burglary, for which he is
imprisoned for fifteen years.  Numerous exhibits ("Respondent's Exhibit __") support
the response.  (Doc. 8)  The respondent correctly argues that the application is
time-barred.

     The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a
Section 2254 application for the writ of habeas corpus.  "A 1-year period of limitation
shall apply to an application for a writ of habeas corpus by a person in custody
pursuant to the judgment of a State court.  The limitation period shall run from the
latest of . . . the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review . . . ." 28 U.S.C.
§ 2244(d)(1)(A).  Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during

which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection."

Doeinck's conviction was final on February 17, 2011,[1] and the limitation

expired one year later, absent tolling for a state post-conviction proceeding.  Doeinck

let 356 days elapse before filing a state Rule 3.850 motion for post-conviction relief

on February 8, 2012.[2]  (Respondent's Exhibit 9)  Tolling continued until July 28,

2014, when the mandate issued.  (Respondent's Exhibit 18)  Doeinck had 9 days

remaining (365 − 356 = 9).  Consequently, Doeinck's federal one-year deadline was

August 6, 2014 (July 28, 2014 + 9 days = August 6, 2014).  Doeinck dated his federal

application September 17, 2014, forty-two days after the deadline.

Although on February 2, 2011, Doeinck filed a motion to reduce or modify his

sentence under state Rule 3.800(c), Florida Rules of Criminal Procedure, that motion

afforded Doeinck no tolling because the motion is a plea for leniency and challenges

---

[1]  Doeinck's direct appeal concluded on November 19, 2010. (Respondent's Exhibit 5) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002). Doeinck miscalculates the limitation deadline by counting the ninety days from the date his motion for rehearing was stricken. Doeinck filed the motion for rehearing *pro se* even though he was represented by counsel.  The state's rules preclude a party from filing papers *pro se* if the party is represented by counsel.  As a consequence, Doeinck acquires no tolling for the motion for rehearing.

[2]  Doeinck attempts to gain four extra days of tolling by arguing in his reply (Doc. 11 at 3–4) that on February 4, 2012, he handed his Rule 3.850 motion to prison officials for mailing. The contention is refuted by the motion (Respondent's Exhibit 9), which shows that on February 8, 2012, Doeinck signed the motion and handed it to prison officials for mailing.

the validity of neither the conviction nor the sentence. "[U]nder the Florida rules at issue here, there is no collateral review — "judicial review that occurs in a proceeding outside of the direct review process" — as described in *Kholi*, 131 S. Ct. at 1289, that occurs pursuant to Rule 3.800(c)." *Baker v. McNeil*, 439 Fed. App'x 786, 789 (11th Cir. 2011) (distinguishing *Wall v. Kholi*, 562 U.S. 545 (2011)), *cert. denied*, 132 S. Ct. 1633 (2012). Moreover, even if eligible for tolling, the motion would afford Doeinck insufficient tolling to meet the federal one-year limitation.[3]

Doeinck asserts entitlement to equitable tolling. Doeinck recognizes in his reply that *Holland v. Florida*, 560 U.S. 631 (2010), establishes that equitable tolling applies to the one-year limitation and that *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), establishes the standard for proving entitlement to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Doeinck must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. Regarding the first requirement, an applicant's "lack of diligence precludes equity's operation," 544 U.S. at 419, but

---

[3] Doeinck filed the Rule 3.800(c) motion before expiration of the ninety days allowed for petitioning for the writ of *certiorari*. The ninety-days expired on February 17, 2011. The Rule 3.800(c) motion was denied seven days later on February 24, 2011. Because the application is untimely by more than forty days, seven additional days of tolling is inconsequential.

"[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not

'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal quotations and

citations omitted).  To satisfy the second requirement, the applicant must show

extraordinary circumstances both beyond his control and unavoidable even with

diligence.  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Doeinck asserts that, "because he has diligently attempted to file his petition

in a timely manner," he is entitled to equitable tolling.  Although he could meet the

due diligence requirement, Doeinck presents no argument that he meets the

extraordinary circumstance requirement.  As a consequence, Doeinck fails to show

entitlement to equitable tolling.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as

time-barred.  The clerk must close this case.

### DENIAL OF BOTH
### A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Doeinck is not entitled to a certificate of appealability ("COA").  A prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first

issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has

made a substantial showing of the denial of a constitutional right."  To merit a COA,

Doeinck must show that reasonable jurists would find debatable both (1) the merits of

the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. §

2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly time-barred, Doeinck cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, because Doeinck is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Doeinck must pay the full $505 appellate filing fee unless the circuit court allows Doeinck to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 15, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE